(22 Misc. Rep. 451.)

### ADAMS et al. v. MOORE.

(Supreme Court, Special Term, Jefferson County. January, 1898.)

ESTOPPEL—RECEIPT—MISTAKE OF FACT—STENOGRAPHER'S FEES.

Where it was stipulated, in an action tried before a referee, that the fees of the stenographer should be treated as if part of the referee's fees, and taxed against the unsuccessful party, and plaintiffs, after a report in their favor, receipted in full for damages, costs, and disbursements, and stipulated that such action should be discontinued, on payment of a sum which, through mistake on their part, but within the knowledge of defendant, did not include the fees of such stenographer, plaintiffs should be permitted to enter judgment for the amount of such fees, notwithstanding such receipt and stipulation.

Action by Ashton W. Adams and others against John Moore, tried before a referee, who reported in favor of plaintiffs. Motion of plain-

tiffs for permission to enter judgment for the amount of the stenographer's fees as part of the taxable costs in said action, and to set aside a receipt in full given by them through mistake.   Granted.

Elon R. Brown, for the motion.
Thomas Hogan, opposed.

McLENNAN, J.   This action was brought to recover for goods sold, rental of certain tools, and for money advanced to the defendant amounting in the aggregate to the sum, as claimed in the complaint, of $1,808.17.   The defendant, by his answer, denied the material allegations of the complaint, and set up a counterclaim of $136 for a breach of contract.   The issues in the action were referred to Charles G. Baldwin, Esq., of Syracuse, N. Y., as sole referee, to hear and determine the same.   The case was duly tried before said referee, and thereafter he duly rendered and made his decision, in and by which he found that the plaintiffs were entitled to recover of the defendant the sum of $1,676.35, besides the costs of the action, and judgment was ordered accordingly.   It was stipulated by the respective attorneys before said referee, that the fees of the stenographer should be treated the same as if part of the referee's fees, and paid by the party taking up the referee's report, to be taxed against and paid by the unsuccessful party.   The stenographer's fees amounted to the sum of $138.34, and were paid by the plaintiffs to the referee when the fees of the referee were paid, and when the report was taken up by the plaintiffs.

Upon the making of said report by the referee, the attorney for the defendant wrote a letter to the attorney for the plaintiffs, of which the following is a copy, namely:

"Syracuse, N. Y., June 21, 1895.

"My Dear Elon:  Please send me a statement of your claim, including bill of costs.   You might notice the latter for taxation, far enough away to enable me to examine them, and, if they are all right, to stipulate, so as to save you the necessity of appearing, if I think they are all right.   Moore told me that he would give me a check as soon as I had the right amount, and you need not enter any judgment, because we expect to pay right up.

"Very truly yours,                                      Thomas Hogan.
"Hon. Elon R. Brown, Watertown, N. Y."

Thereafter the attorney for the plaintiffs verified a bill of costs in said action, which had been prepared by a clerk in his office, in which the fees of the stenographer, to wit, the sum of $138.34, were omitted by mistake from said bill.   Upon the receipt of such bill of costs by the attorney for the defendant, he sent to the attorney for the plaintiffs the check of the defendant, for the amount of damages awarded by the referee and the costs as stated in said bill, but which did not include the stenographer's fees; and plaintiffs' attorney thereupon delivered to the defendant's attorney a receipt in full for the damages, costs, and disbursements in said action, and signed a stipulation discontinuing and settling said action.   The payment by the defendant's attorney to plaintiffs' attorney of the amount of damages and costs in said action was made on the 8th day of April, 1895.   The attorney for the plaintiffs did not discover that

a mistake had been made, and that the stenographer's fees were not included in said sum until the month of April, 1896, when he made the final settlement with his clients in this action. Immediately after learning of said mistake, plaintiffs' attorney wrote a letter to the attorney for the defendant, calling his attention to the mistake made, and asking him to correct the same by causing the said sum of $138.34 to be paid. The attorney for the defendant declined to cause such payment to be made. Thereafter, and on or about the 9th day of May, 1896, a motion was made at a special term held in the court house in the city of Watertown, Jefferson county, N. Y., for an order permitting the plaintiffs to enter judgment in this action for the said sum of $138.34, and to set aside the receipt, stipulation, and discontinuance theretofore given in the case by the plaintiffs. Said motion came on to be heard, Elon R. Brown appearing for said motion, and Thomas Hogan, attorney for the defendant, opposed. After hearing the attorneys for the respective parties, the court announced its decision orally, stating, in substance, that said receipt and discontinuance might be set aside, upon condition that the plaintiffs repay to the defendant the sum received by them from the defendant, and that then the plaintiffs might be permitted to enter judgment for the entire amount of the damages awarded by the referee and the costs and disbursements of said action, including $138.34, the stenographer's fees. Said decision as announced was made upon the ground that it did not appear, and the court could not find, that the defendant or his attorney knew, at the time such payment was made by him, that an error or mistake had been committed in the computation of the costs which plaintiffs were entitled to recover. No order was entered upon that motion, but subsequently, and on or about the 6th day of April, 1897, a motion was made to revive the motion made on the 9th day of May, 1896, and asking for an order permitting the plaintiffs to enter judgment in this action for said sum of $138.34, and to set aside the receipt, stipulation, and discontinuance above referred to. Upon said second motion it appeared by the affidavit of Elon R. Brown, attorney for the plaintiffs, that after the argument on the motion made on the 9th day of May, 1896, and after such verbal decision was made by the justice holding said term, the attorney for the defendant stated to the attorney for the plaintiffs that, at the time the stipulation referred to was made and receipt given, the said defendant's attorney knew that the attorney for the plaintiffs had made a mistake, by leaving out of the bill of costs in this action the $138.34 paid to the stenographer, and that said receipt and stipulation of discontinuance were given and the money paid by defendant's attorney with the knowledge on the part of defendant's attorney that said mistake had been made.

Upon this motion defendant's attorney concedes that such statement made in the affidavit of the attorney for plaintiffs is true, and that he received the receipt and stipulation of discontinuance knowing that plaintiffs' attorney had made a mistake, and was receiving $138.34 less than plaintiffs were entitled to receive in said action. There is no pretense that plaintiffs were not entitled to receive $138.34,

in addition to what they did receive from defendant. There is no suggestion that said sum was not properly taxable as disbursements in said action; no suggestion that the payment by the defendant was made at the time it was made by reason of there having been any reduction in the amount which was due from him to plaintiffs; and there is no suggestion that, at the time such payment was made by the defendant, he did not know, and his attorney did not know, that he was omitting to pay the full sum due and owing to the plaintiffs by reason of the mistake and error of plaintiffs' attorney.

Under the circumstances, we think that plaintiffs should be permitted to enter judgment against the defendant in said action for said sum of $138.34, and that the receipt and stipulation of discontinuance in said action should be set aside or modified accordingly, but without costs of this motion. Ordered accordingly.